CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 16 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CEDRICK EURON DRAPER, | ) | |
| | ) | Civil Action No. 3:18CV00022 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | Hon. Glen E. Conrad |
| CHARLOTTESVILLE GENERAL | ) | Senior United States District Judge |
| DISTRICT COURT, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Cedrick Euron Draper, proceeding pro se, filed this action on April 2, 2018, naming the Charlottesville General District Court as the defendant. This matter is currently before the court on the plaintiff's motion for leave to proceed in forma pauperis. Although the court grants the motion, for the reasons that follow, the court concludes that the complaint must be dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B).

## Background

The plaintiff's complaint states as follows:

Case No.: GV18000089-00 AND GV18000043-00 was dismissed and transferred to Federal Court as the case had the same defendant, the record was withheld by request on 2/23/2018 upon one specific case and the another case avaiable [sic] had insufficient proof of service when the address was valid by 1801 Brook Road Richmond Virginia 23232 being a main office not a suite.

Compl. 4, Dkt. No. 2. The plaintiff "seeks for wrongful action upon the civil proceeding by the demanded amount of 3500.00 or the nominal damage observation of the court determination of stated claim." Id.

## Standard of Review

Rule 12(h)(3) of the Federal Rules of Civil Procedure requires a court to dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

Additionally, under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has "a duty to screen initial filings." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii), the court applies the same standard used to review a motion for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Although a pro se plaintiff's pleadings are liberally construed, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, federal district courts are authorized to hear cases arising out of federal law or involving diverse parties and a specified amount in controversy. 28 U.S.C. §§ 1331, 1332. Under the well-pleaded complaint rule, "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover

Bank, 556 U.S. 49, 60 (2009) (alterations and internal quotation marks omitted).

Having reviewed the complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. Draper has not attempted to invoke diversity jurisdiction and he has failed to identify any violation of federal law which might support the exercise of federal question jurisdiction under § 1331.

Moreover, under the Rooker-Feldman doctrine,* federal district courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, to the extent plaintiff seeks review of, or relief from, decisions by the Charlottesville General District Court, his complaint is subject to dismissal under Rule 12(h)(3). The appropriate avenue for contesting removal from state court to federal court is to timely file a motion to remand in the removed case. See 28 U.S.C. § 1447(c).

Plaintiff's complaint is also subject to dismissal under § 1915(e)(2)(B)(ii). Liberally construing the complaint, it fails to allege sufficient facts to state a plausible claim for relief against the defendant. The complaint does not identify any cause of action under which the plaintiff seeks relief, and nor is one discernible from the complaint. Accordingly, the complaint fails to state a claim for relief.

## Conclusion

For the reasons stated, the court grants the plaintiff's motion for leave to proceed in

---

* The Rooker-Feldman doctrine is named after two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

forma pauperis and dismisses the complaint pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 6th day of May 2018.

                                                        Senior United States District Judge